Ormand N. Gale, J.
This is an application for an order summarily canceling, vacating and discharging of record a notice of mechanic’s lien of Lincoln Supply Go., Inc., dated February 24,1961, and filed February 27, 1961.
The petitioners rely on subdivisions (2) and (6) of section 19 of the Lien Law for the relief requested. The first contention is that the lien was not timely filed and that more than four months had elapsed from the last date of furnishing materials to the date of the filing of the lien.
Upon examination of the lien itself, on page two, it states that the last item of materials was furnished and labor performed *1004 the 28th day of October, 1960. There is no question but that the lien was filed February 27, 1961. This would appear to make the filing of the lien timely. However, on the front page of the notice of lien the lienor states as follows: 1 ‘ for Six Hundred Eighty One Dollars and four Cents, being for the value and agreed price of materials furnished and delivered to the said real property, to wit: Schedules attached hereto and made a part hereof.” Examination of the schedules attached to the notice of lien shows that they consist of a series of invoices for the delivery of materials beginning in April of 1960. The last invoice is dated September 15, 1960. The respondent, in the papers submitted to the court, states as follows: “ The respondent, Lincoln Supply Co., Inc., furnished materials to the said contractor which were incorporated in the Piston job. ’ ’ It would appear, therefore, that the lienor furnished only materials on the job in question and that on its face the lien was not timely filed.
The next question is whether or not the court has power under subdivision 6 of section 19 to issue an order canceling, vacating and discharging of record the said notice of lien. I feel that the court has this power. Respondent relies upon Matter of Amato (143 N. Y. S. 2d 388 [1955]) to substantiate his contention, that the court is without authority to issue an order directing that the lien be vacated. However, the court is there concerned with subdivision (2) of section 19 of the Lien Law. The courts, in their recent decisions, have indicated that they do have power to issue an order canceling a mechanic’s lien for defects appearing on the face of the lien. (Matter of Miller [Schiavori], 133 N. Y. S. 2d 421.)
In the Amato case (supra) the court pointed out that counsel had argued that the property owner was “ hamstrung ” because the bank which had the building loan agreement with them declined to make further payments unntil the mechanics’ liens were affirmatively cancelled of record by the County Clerk pursuant to an order of the court.
It appears to me that where a statute effectively protects a laborer or a materialman and prescribes reasonable limits for the preservation of his rights, these rights should not be further extended to the detriment of the owner of real property.
The examination and insuring of real property titles becomes every day a more exacting science.
To hold that the real property owner is powerless to unincumber a cloud on his title where, as here, a statutory remedy is available would not, in my opinion, further the ends of justice. I am in complete agreement with Judge Lew in his opinion *1005 in the Matter of Lycee Francais De New York v. Calagna (26 Misc 2d 374, 382[1960]) where he states: “ it seems to me that the owner of real property should not be required to suffer to remain of record a lien which has no legal force * * *. He should, I think, be able, in a proper case, and where the facts are not in dispute, to obtain a summary order of the court to vacate or cancel such lien of record and thus remove the semblance of a cloud upon his title
Petitioner also asks that the lien be cancelled of record since more than one year had elapsed since the filing of the lien; no court order has been obtained extending the lien; no lis pendens has been filed and no action commenced within a one-year period to foreclose the lien. Since it is our opinion that an order can be granted under subdivision (6) of section 19 it becomes unnecessary to discuss subdivision (2) of section 19.